No. 897

SIMMER et v. SUPREME COUNCIL, etc.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1422. Decided April 9, 1926.

First Publication of this Opinion.

1197. TRUSTS AND TRUSTEES—305. Conveyances—997. Real Estate—Deed to Trustees, and their successors, of unincorporated lodge, valid.

On rehearing.
Decree for defendant.
Pugh & Pugh and E. E. Gorwin, Columbus, for Simmer et.
James M. Hengst, James N. Linton, and Vorys, Sater, Seymour & Pease, Columbus, for Council.

BY THE COURT.

This case involves property acquired by certain bodies connected with what is known as Cerneau Masonry, the transactions covering many years. The property was originally purchased by a corporation, organized for that purpose, and carried by it until the indebtedness of the corporation called for a sale of the property. It was then purchased by Nicholas Schlee, subsequently conveyed to Steven Kelly, who transferred the property to the trustees of the Lodge of Perfection. In 1903 the trustees of the Lodge of Perfection conveyed title to the real estate in question to the Supreme Council, 33rd and Last Degree, etc., which was then an unincorporated society. The Lodge was an incorporated company. The deed, so made, was authorized at a meeting of the Lodge of Perfection.

It is claimed that the deed, from the Trustees of the Lodge of Perfection, is void under Norris v. Davis, 52 OS. 215. That case does not apply here for the reason that title here was taken by the Trustees of the Lodge of Perfection and their successors. The trustees and their successors therefore had the right to convey, especially when authorized by the Lodge. In the Norris case, the title was originally taken in the corporation itself and not in the trustees.

No order of court was required to authorize the deed from the trustees of the Lodge of Perfection to the Supreme Council; and such deed is not void, but only voidable at the suit of an interested party.

This suit was begun in 1918, fifteen years after the deed in question was executed. The amended petition does not expressly claim that the Lodge did not have knowledge of the deed of 1903 or that the corporation or trustees ever repudiated or attempted to cancel the deed. There is no reason why the Lodge of Perfection, or its trustees, were not barred, within the statutory period, against any relief they might have or claim against the validity of the deed. If the Lodge, or its trustees, were barred, then anyone standing in the shoes of the Lodge of Perfection would be barred.

Simmer and Nesbitt have no relief based upon their membership in the Lodge of Perfection. This would leave the question of their personal rights under an alleged trust arising out of the deed to the trustees of the Lodge. We are of the opinion that the evidence was not sufficient to establish a trust created by, or arising out of, the deed from the Lodge of Perfection to the Supreme Council. The parties intended to convey a legal title as well as the equitable title out of the trustees and vest it in the Supreme Council. The title first vested in the Supreme Council, unincorporated, and was then properly transferred to the Supreme Council, incorporated.